KLEINFELD, J.,
dissenting:
I respectfully dissent.
In her closing argument, the prosecutor told the jury that “when you retire to the jury room to deliberate, the presumption [of innocence] is gone. You are not only no longer obligated to presume innocence, but you are obligated to draw rational conclusions from the evidence.” This is egregious misconduct.[1] Ordinarily, it would be corrected because the judge would instruct the jury of the correct standard after the lawyers made their closing argument. In this case, the judge instructed the jury before closing argument, so there was no subsequent judicial correction.
In her rebuttal closing argument, the prosecutor told the jury that “there is a lengthy report which, according to the rules of evidence, you will not be seeing.” This is also egregious misconduct. “[S]uch comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant... .”[2] This case ultimately boiled down to a credibility determination — would the jury believe Flores-Perez or the Border Patrol agents. “‘[V]ouching is especially problematic in cases where the credibility of the witnesses is crucial.’ ”[3]
These two instances of misconduct affected the substantial rights of the defendant. Their very egregiousness “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.”[4] I would reverse.

. Cf. United. States v. Perlaza, 439 F.3d 1149, 1169-72 (9th Cir.2006).

. United States v. Young, 470 U.S. 1, 18, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985).

. United States v. Combs, 379 F.3d 564, 576 (9th Cir.2004) (quoting United States v. Necoe-chea, 986 F.2d 1273, 1276 (9th Cir.1993)).

.United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)).